**Ryan MOORE, a Minor Child, By and Through his best friend, Holly BLAKELY, individually and as the natural mother and best friend of Ryan Moore, Plaintiff,**

v.

**The CITY AND COUNTY OF DENVER, COLORADO, et al., Defendants.**

**No. 89–C–1666.**

United States District Court, D. Colorado.

Sept. 6, 1990.

Theodore Halaby, John Scherling, Denver, Colo., David Bruno, Lakewood, Colo., for plaintiff.

Carl E. Stahl, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Ryan Moore, a minor, through Holly Blakely, his natural mother, filed this action in the District Court for the City and County of Denver, Colorado. Moore contends that he was assaulted by a private person while in police custody at the District 4 police station, 2100 South Clay Street, Denver, Colorado. According to the complaint, Moore was thirteen years old at the time of the incident and had been taken into custody for an alleged curfew violation. Plaintiff has asserted state law claims for assault (First Claim); battery (Second Claim); negligence (Third Claim); and federal claims for civil rights violation under 42 U.S.C. § 1983 (Fourth Claim); and conspiracy to violate civil rights under 42 U.S.C. § 1985(3) (Fifth Claim).

Defendants include the City and County of Denver, Colorado; T. Zimmerman, the police officer who allegedly arrested Moore; Keith Miller, the private individual who allegedly assaulted Moore; and several unknown defendants designated as "John Does" and "Mary Roes." On September 25, 1989, the defendants City and County of Denver and Zimmerman removed the case to this court pursuant to 28 U.S.C. §§ 1441(b) and 1446(a).

Defendant City and County of Denver ("the defendant") filed a motion for judgment on the pleadings as to the plaintiff's first, second, third and fifth claims pursuant to Rule 12(c), Fed.R.Civ.P. Plaintiff

has responded by opposing the motion. Defendant has also requested attorney's fees pursuant to Rule 11, Fed.R.Civ.P. The parties have fully briefed the issues and oral argument would not materially assist my decision. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

## I. Plaintiff's Pendent Claims.

Defendant asserts that I should exercise my discretion not to hear the plaintiff's pendent claims because: (1) they would predominate in discovery and at trial; (2) they would cause undue jury confusion; and (3) they would expand the scope of the remedy provided by § 1983.

A federal court has discretion not to hear pendent state tort claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

"[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in the federal courts to hear the whole.

That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Gibbs*, 383 U.S. at 725, 726, 86 S.Ct. at 1138, 1139 (emphasis in original).

The Supreme Court in *Gibbs* set out several factors to be considered when determining whether to exercise pendent jurisdiction. If hearing the state claim would promote judicial economy, convenience, and fairness to the litigants, a federal court need not hesitate in exercising its power to hear it. However, if state law issues would substantially predominate, pendent jurisdiction should not be exercised. In addition, as a matter of comity and justice, needless interpretations of state law should be avoided, especially where there is no existing state law precedent and the state courts could provide a clearer reading of state law. *Id.* at 726, 86 S.Ct. at 1139.

Judicial economy, convenience and fairness to the litigants will be served by hearing all related claims in one action. *Gibbs* does not require that the federal and state claims involve identical issues. Rather, it requires that the claims "must derive from a common nucleus of operative fact." *Gibbs* at 725, 86 S.Ct. at 1138. Plaintiffs' claims all arise from a common nucleus of operative fact.

Moreover, none of the factors militating against exercise of pendent jurisdiction are present. Defendant has neither asserted that the § 1983 claim is insubstantial, nor moved for a judgment on the pleadings as to that claim. Therefore, it appears unlikely that both federal claims will be dismissed prior to trial. Where, as here, the state law is well developed, there is little danger that the parties will not get a "sure footed reading of applicable law" because they are in a federal, rather than a state, court. *Id.* While federal courts should avoid needless state law decisions, if this policy were an inflexible rule, federal courts could never hear pendent state claims.

In considering each of the *Gibbs* factors, I am particularly persuaded by the "fairness to the litigants" factor. Plaintiff initiated this case in state court. The action is in this court because the *defendant* preferred this forum. There is an element of unfairness in allowing the defendant, in seeking removal, to assert that "[n]o harm or prejudice will be suffered by any of the parties by the removal of this action," (Defendants' Notice of Removal at 2) and then, after removal, to argue that because the case is in federal court, three of the plaintiffs' five claims should be dismissed. If the defendant's motion were granted, the plaintiff would be forced to the additional delay and expense of initiating a second, duplicative state court case. For the reasons stated, the defendant's motion for judgment on the pleadings must be denied, as to the plaintiff's first, second and third claims.

## II. Plaintiff's Fifth Claim.

Plaintiff's fifth claim for relief alleges a conspiracy under 42 U.S.C. § 1985(3). To be actionable under § 1985(3), there must be "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Although not alleged in the complaint, the plaintiff now asserts that "the invidious classification is that of discrimination based upon Ryan Moore's male sex." Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings at 2. Plaintiff Ryan Moore is a Caucasian male. The question thus is whether Caucasian males are a protected group for purposes of § 1985(3).

Section 1985(3)'s class based animus requirement has been extensively litigated. The Tenth Circuit has held that § 1985(3) does not extend "to classes other than those involved in the strife in the South in 1871 with which Congress was then concerned." *Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1176 (10th Cir.1983) *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1601, 80 L.Ed.2d 131 (1984) (handicapped persons are not a class within the meaning of § 1985). *See also: Brown v. Reardon*, 770 F.2d 896 (10th Cir.1985) (political affiliation not a class for § 1985(3) purposes). In fact, the Supreme Court has held that "it is a close question" whether § 1985(3) was intended to reach any class-based animus other than against blacks. *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 837, 103 S.Ct. 3352, 3360, 77 L.Ed.2d 1049 (1983). Because Caucasian males, as a class, have not been the victims of historically pervasive discrimination, I conclude that they are not a group protected by § 1985(3).

Plaintiff has failed to allege that the conspiracy was based on some racial or otherwise class-based, invidiously discriminatory animus. Therefore he has failed to state a cognizable § 1985(3) claim. As to the plaintiff's fifth claim, the defendant's motion for a judgment on the pleadings must be granted.

However, I conclude that the plaintiff's fifth claim was sufficiently grounded in fact and supported by a good faith argument for an extension of existing law as to not violate Rule 11, Fed.R.Civ.P. Defendant's motion for attorney's fees should be denied.

Accordingly IT IS ORDERED that:

(1) Defendant's motion for a judgment on the pleadings as to the plaintiff's first, second and third claims is denied;

(2) Defendant's motion for a judgment on the pleadings as to the plaintiff's fifth claim is granted and the plaintiff's fifth claim is dismissed; and

(3) Defendant's motion for attorney's fees pursuant to Rule 11 Fed.R.Civ.P. is denied.